## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JASON SCOTT TRICKEY**                                                    **PLAINTIFF**

**v.**                              **No. 4:12-cv-285-DPM**

**JOHN SELIG, Individually and in**
**his Official Capacity; ARKANSAS**
**DEPARTMENT OF HUMAN**
**SERVICES; and RON ANGEL,**
**Individually and in his Official Capacity**                    **DEFENDANTS**

### ORDER

Jason Trickey worked for the Division of Youth Services, a slice of the Arkansas Department of Human Services.  He brings this suit under Titles I and II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, alleging a failure to accommodate and disability-related retaliation.  The Defendants move to dismiss the complaint in its entirety.

**1. Title I.**  The motion is denied as to Trickey's official-capacity Title I claim.  Trickey alleges that he requested a job accommodation because he suffers from a mental impairment that hinders his thinking and concentration. He further says that the Department failed to make the accommodation and then fired him for requesting it.  These allegations are sufficient to state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Any claim for damages, back pay, or front pay on this claim, however, is dismissed.  Title I did not validly abrogate the State's sovereign immunity. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). Trickey's relief against the official-capacity Defendants on this claim is therefore limited to his request for reinstatement or a declaratory judgment. *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Treleven v. University of Minnesota*, 73 F.3d 816, 819 (8th Cir. 1996).

   **2. Title II.**  The Courts of Appeals have divided over whether Title II of the ADA bars employment discrimination by a state entity such as the Department.  *Compare Bledsoe v. Palm Beach County Soil and Water Conservation District*, 133 F.3d 816 (11th Cir. 1998), *Doe v. University of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1264–1265 & n.9 (4th Cir. 1995) (assuming without analysis that Title II applies to employment), *and Holmes v. Texas A & M Univ.*, 145 F.3d 681, 683–84 (5th Cir. 1998) (same), *with Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169 (9th Cir. 1999).  The Ninth Circuit provides the best-reasoned reading of Title II, in the important context of the whole statute.  The Court therefore adopts *Zimmerman*'s analysis and rejects Trickey's Title II employment-discrimination claim as a matter of law.

If the Court is mistaken about what Title II means, Trickey still has no claim for damages against the Department or Selig and Angel in their official capacities. The *Garrett* case holds, in the context of Title I claims, that Congress exceeded its authority in the ADA by purportedly abrogating the States' Eleventh Amendment immunity. 531 U.S. at 368, 374. The constitutional bar is no less present against a Title II employment-discrimination claim. "[T]he Supreme Court's holding in *Garrett* that the legislative record of the ADA simply fails to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled is equally applicable to employment[-]discrimination claims under Title I and Title II of the ADA." *Clifton v. Georgia Merit System*, 478 F. Supp. 2d 1356, 1368 (N.D. Ga. 2007) (quotation and alteration omitted); *see generally Klingler v. Director, Dep't of Revenue, State of Missouri*, 455 F.3d 888 (8th Cir. 2006) (Title II abrogation analysis); *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 793 (9th Cir. 2004) (O'Scannlain, J., concurring).

**3. Individual-Capacity ADA Claims.** The Department's motion is granted as to Trickey's individual-capacity ADA claims against Selig and Angel. These claims fail as a matter of law because "the ADA addresses its

rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000), *overruled on other grounds by Garrett*, 531 U.S. 356; *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

**4. Section 504**.  Throughout his complaint, Trickey refers to violations of "Section 504 of the ADA."  The Defendants argue that this section does not exist and that the complaint should therefore be dismissed.  The Court disagrees.  In light of the specific reference to Section 504 of the Rehabilitation Act in the Complaint's opening paragraph, it seems clear that the later references are merely typographical errors.  Amendment, rather than dismissal, is the cure.  FED. R. CIV. P. 15(a)(2).  The motion to dismiss Trickey's Section 504 claim is denied without prejudice.

* * *

Motion, *Document No. 3*, granted in part, denied in part, and denied without prejudice in part.  Trickey's Title II claim and his individual-capacity ADA claims are dismissed.  His official-capacity Title I claim remains viable, though the relief he may seek is limited.  His amended complaint clarifying the Section 504 claim is due by 15 August 2012.

-4-

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

8 August 2012